UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SARBA BIJOY GHOSH, | ) |
| Plaintiff, | ) Civil Action File No. |
| v. | ) JURY TRIAL REQUESTED |
| JACOBS SOLUTIONS, INC., | ) |
| Defendant. | ) |

# COMPLAINT

Plaintiff Sarba Bijoy Ghosh, brings this Complaint against Jacobs Solutions, Inc. (hereinafter referred to as "Defendant"), showing as follows:

Introduction

1. This action concerns race-based discrimination, national origin-based discrimination, age discrimination, disparate treatment based on race, and national origin and age retaliation against Plaintiff Sarba Bijoy Ghosh, a South Asian Indian male. Plaintiff worked for Defendant for nine years and was a highly qualified and seasoned VP and Geographic Operations Manager ("GOM"). Defendant recruited Mr. Ghosh when it was struggling to turn its Water Business in Southeast US around. After he was assigned this region, he was in fact successful in turning it around. Then, following a reorganization announced in October 2023, Mr. Ghosh was not reassigned to available positions though there were many for which he was qualified.

Significantly, less qualified individuals outside of Mr. Ghosh's protected classes were placed in comparable positions, but he was not.

2. Plaintiff brings this action against Defendant as the result of race discrimination, national origin discrimination, age discrimination, disparate treatment based on race, and national origin and age retaliation in violation of 42 U.S.C. § 2000e ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 623 *et seq.* ("ADEA"), and 42 U.S.C. § 1981 ("Section 1981"). Plaintiff seeks back pay, lost benefits, front pay or reinstatement, compensatory damages, liquidated damages, and attorney's fees and costs of litigation to remedy these violations of federal law. Plaintiff also seeks punitive damages for the violation of his federal rights under Title VII, 42 U.S.C. § 1981a and 42 U.S.C. § 1981, and the ADEA.

## Jurisdiction and Venue

3. Plaintiff's Title VII, Section 1981, and ADEA claims present federal questions over which this court has jurisdiction.

4. Venue is proper in this District under 28 U.S.C. § 1391(b), (c) and (d) and 42 U.S.C. §2000e-5(f)(3), because the unlawful actions and practices occurred in this District.

<u>Administrative Proceedings</u>

5. Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and received a notice of right to sue letter within the last 90 days of filing this Complaint. Plaintiff has complied with all other conditions precedent to the institution of this lawsuit.

<u>The Parties</u>

6. Plaintiff is a 67-year-old citizen of the United States and resident of the state of Georgia. He is South Asian, originally from India.

7. Jacobs Solutions, Inc. is an international provider of consulting services. It is headquartered in Dallas, Texas. It has an office and place of doing business at 10 10th Street, NW, Suite 1400, Atlanta, Georgia 30309, but it does not have a registered agent for service of process in Georgia and consequently must be served with summons and complaint by serving its Chief Executive Officer, Robert (Bob) Pragada at 1999 Bryan Street, Suite 3500, Dallas, Texas 75201 pursuant to O.C.G.A. § 14-2-1510(b) by registered or certified mail. At all relevant times, Defendant employed tens of thousands of employees and is an "employer" under Title VII, 42 U.S.C. § 2000e.

## FACTUAL BACKGROUND

### Plaintiff's Employment with Defendant and Accomplishments

8. Defendant hired Mr. Ghosh in 2014 at a time when it was struggling with its Water Business in Southeast US. He hired more than thirty people and began meeting financial targets within the first year of his employment. Over the course of nine years of employment, Plaintiff turned around and grew Defendant's business in the geographic area to which he was assigned.

9. Mr. Ghosh managed Southeast US and Latin America Geography as GOM until September 30, 2023. GOMs were responsible for the management of Profit & Loss centers & had to meet financial goals set by Jacobs Solutions leadership.

10. On October 1, 2023, a restructuring led to ten GOM positions throughout North America being reduced to six Executive Director of Operations ("EDO") positions. Mr. Ghosh's supervisor, Katus Watson, notified him on September 15, 2023 that his position would end & that his territory would be consolidated with Florida & Puerto Rico under Ellen Patterson, a white American female, as EDO. Patterson had less leadership experience, subject matter knowledge, and financial success, and is significantly younger than Plaintiff.

11. Defendant gave Plaintiff until October 26, 2023, to find another position within the company. Mr. Ghosh asked Defendant for a list of open positions, but never received a list of open positions.

12. Five of the new EDO positions were filled by former GOMs, all significantly younger than Plaintiff and non-South Asian and non-Indian and the 6th position was filled by Cory Hooper, a significantly younger white American person in a lower position, who failed to meet his financial targets in Fiscal Year 2023.

13. The EDO position was comparable to the GOM position to the extent that five EDO positions were filled by GOMs, all younger than Plaintiff and all white Americans. Three other displaced GOMs, all significantly younger than Plaintiff and also Americans, were offered alternative positions. One went to Sales, another was offered West Region Program Management, and the third was offered East Regional Organizational Advancement.

14. Mr. Ghosh was the only displaced GOM who was forced to look for another position.

15. On October 2, 2023, when Plaintiff learned the other GOMs were offered alternative EDO positions, he asked Human Resources ("HR") and Bob Pragada, CEO, why he was being treated differently.

16. On October 10, 2023, Plaintiff provided HR a "due diligence" update on his efforts to find another position internally.  Plaintiff also informed Danielle

Ketler of HR that his being the only GOM who was not offered a role in the new restructured organization was disparate treatment and discrimination based on his race/national origin.

17. Ms. Ketler responded to Plaintiff the same morning and asked him to confirm whether he indeed was asserting that he had suffered disparate treatment. She told him that if he confirmed that assertion, she would forward his concern to Jacobs's Employee Relations. Plaintiff confirmed his allegation about disparate treatment and discrimination based on race/national origin.

18. On or about the same day, Defendant purportedly commenced an internal investigation of Mr. Ghosh's disparate treatment allegations. Sara Gould from HR requested a Teams meeting to discuss his allegations of disparate treatment and discrimination. Mr. Ghosh requested written questions which he would answer in writing. None were ever sent.

19. On October 25, 2023, Ms. Gould said she was still investigating and would need more time and that no employee action would take place until the investigation was complete.

20. Mr. Ghosh waited one week and, in the absence of any new or additional information, filed a Charge of Discrimination with the U.S. EEOC on November 2, 2023, bringing claims of age, race, and national origin discrimination. He informed Ms. Gould of the same.

21. On November 14, 2023, Ms. Gould – without interviewing Mr. Ghosh, notified Mr. Ghosh that she found no evidence of race-based discrimination or disparate treatment in the selection and re-placement process for GOMs.

22. On November 21, 2023, Mr. Ghosh was terminated from employment after nine years of employment.

## COUNT I
## RACE DISCRIMINATION IN VIOLATION OF TITLE VII, 42 U.S.C. § 2000e

23. Plaintiff incorporates by reference paragraphs 1 through 22 of the Complaint as if fully restated herein.

24. Plaintiff is a member of a protected class based on race in that he is South Asian Indian.

25. At all relevant times, Plaintiff was an "employee" of Defendant as that term is defined by Title VII, 42 U.S.C. § 2000e *et seq*.

26. At all relevant times, Defendant was a covered "employer" as that term is defined by Title VII, 42 U.S.C. § 2000e *et seq*. and its interpreting case law.

27. Defendant subjected Plaintiff to race discrimination in the terms and conditions of employment including, but not limited to: requiring him, the only South Asian GOM, to search for and apply for positions internally during the restructure while identifying and placing significantly less qualified non-South Asian GOMs outside of Plaintiff's protected class in EDO positions internally.

28. Defendant subjected Plaintiff to race discrimination in the terms and conditions of employment including, but not limited to: refusing to place him in other positions for which he was qualified while assigning American, non-South Asian GOMS to comparable positions.

29. Defendant lacks any legitimate justification for subjecting Plaintiff to the discriminatory treatment and adverse employment actions complained of above, and/or any such purported justifications are mere pretext for race discrimination.

30. Defendant's above-pled actions constitute race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

31. The actions of Defendant in subjecting Plaintiff to disparate treatment and the adverse actions complained of above were willful, deliberate, and intended to cause Plaintiff harm, and/or were committed with reckless disregard for the harm caused to Plaintiff and were in derogation of his federally protected rights.

32. Plaintiff's race was a "motivating factor" in Defendant's decision to subject him to discrimination on the basis of his race as pled above.

33. As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

34. As a result of the above-pled violations of Title VII, Plaintiff is entitled to recover his lost wages and economic benefits of his employment, compensatory

damages, as well as front pay and other equitable relief, punitive damages and all other legal and equitable relief provided for by Title VII and all statutes providing for relief for violations of Title VII.

## COUNT II
## NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII, 42 U.S.C. § 2000e

35. Plaintiff incorporates by reference paragraphs 1 through 22 of the Complaint as if fully restated herein.

36. Plaintiff is a member of a protected class based on national origin in that he is South Asian Indian.

37. At all relevant times, Plaintiff was an "employee" of Defendant as that term is defined by Title VII, 42 U.S.C. § 2000e *et seq*.

38. At all relevant times, Defendant was a covered "employer" as that term is defined by Title VII, 42 U.S.C. § 2000e *et seq*. and its interpreting case law.

39. Defendant subjected Plaintiff to national origin discrimination in the terms and conditions of employment including, but not limited to: requiring him, the only South Asian GOM, to search for and apply for positions internally during the restructure while identifying and placing significantly less qualified non-Indian GOMs outside of Plaintiff's protected class in EDO positions internally, and terminating Plaintiff.

40. Defendant subjected Plaintiff to national origin discrimination in the terms and conditions of employment including, but not limited to: refusing to place him in other positions for which he was qualified while assigning American, non-Indian GOMS to comparable positions.

41. Defendant lacks any legitimate justification for subjecting Plaintiff to the discriminatory treatment and adverse employment actions complained of above, and/or any such purported justifications are mere pretext for national origin discrimination.

42. Defendant's above-pled actions constitute national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended.

43. The actions of Defendant in subjecting Plaintiff to disparate treatment and the adverse actions complained of above were willful, deliberate, and intended to cause Plaintiff harm, and/or were committed with reckless disregard for the harm caused to Plaintiff and were in derogation of his federally protected rights.

44. Plaintiff's national origin was a "motivating factor" in Defendant's decision to subject him to discrimination on the basis of his race as pled above.

45. As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

46. As a result of the above-pled violations of Title VII, Plaintiff is entitled to recover his lost wages and economic benefits of his employment, compensatory damages, as well as front pay and other equitable relief, punitive damages and all other legal and equitable relief provided for by Title VII and all statutes providing for relief for violations of Title VII.

## COUNT III
## AGE DISCRIMINATION IN VIOLATION OF THE ADEA

47. Plaintiff incorporates by reference paragraph numbers 1 through 22 as if they were fully set forth herein.

48. Plaintiff is 67 years old and, and at all relevant times, was an employee protected by the ADEA.

49. Plaintiff is a member of a protected age group in that he is over the age of forty (40).

50. At all times relevant to this Complaint, Plaintiff has been more than qualified for the position of EDO, having performed the role of GOM successfully for many years.

51. Plaintiff's supervisors harbored a discriminatory animus toward older employees and terminated Plaintiff while retaining significantly younger GOMs in the position of EDO or other positions for which Plaintiff was qualified.

52. Defendant discriminated against Plaintiff because of his age in violation of the ADEA by subjecting him to adverse employment actions including,

but not limited to, denying him employment opportunities and terminating his employment.

53. Defendant's violations of the ADEA were willful.

54. Defendant knowingly, intentionally, and in bad faith discriminated against Plaintiff because of his age, entitling Plaintiff to liquidated damages.

55. Defendant's violations of the ADEA have directly and proximately caused, and continue to cause, Plaintiff to suffer lost compensation and economic benefits of employment, and lost future professional opportunities and future income.

56. Plaintiff is entitled to an award of back pay and benefits, front pay, liquidated damages, injunctive relief, attorneys' fees, and all other appropriate damages, remedies, and other relief available under the ADEA and all federal statutes providing remedies for violations of the ADEA.

## COUNT IV
## RETALIATION IN VIOLATION OF TITLE VII, 42 U.S.C. § 2000e

57. Plaintiff incorporates by reference paragraphs 1 through 22 of the Complaint as if fully restated herein.

58. At all relevant times, Plaintiff was an "employee" of Defendant as that term is defined by Title VII, 42 U.S.C. § 2000e *et seq*.

59. At all relevant times, Defendant was a covered "employer" as that term is defined by Title VII, 42 U.S.C. § 2000e *et seq*. and its interpreting case law.

60. Plaintiff engaged in legally protected activity when he complained internally of race and national origin discrimination in the process of placing GOMs into EDO positions on or about October 16, 2023.

61. Plaintiff engaged in legally protected speech when he filed a Charge of Discrimination at the U.S. EEOC on November 2, 2023.

62. Defendant subjected Plaintiff to retaliation in the terms and conditions of employment including, but not limited to terminating him very shortly after he filed an internal grievance of race discrimination with Human Resources and in his EEOC Charge.

63. Defendant lacks any legitimate justification for subjecting Plaintiff to the retaliation complained of above, and/or any such purported justifications are mere pretext for retaliation.

64. Defendant's above-pled actions constitute retaliation in violation of Title VII of the Civil Rights Act of 1964.

65. As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities. As a result of the above-pled violations of Title VII, Plaintiff is entitled to recover his lost wages and economic benefits of his employment, compensatory damages, as well as front pay and other

equitable relief, and all other legal and equitable relief provided for by Title VII and all statutes providing for relief for violations of Title VII.

## COUNT V
## RETALIATION IN VIOLATION OF THE ADEA, 29 U.S.C § 623 (d)

66. Plaintiff incorporates by reference paragraphs 1 through 22 of the Complaint as if fully restated herein.

67. At all relevant times, Plaintiff was an "employee" of Defendant as that term is defined by 29 U.S.C § 623 *et seq*.

68. At all relevant times, Defendant was a covered "employer" as that term is defined by 29 U.S.C § 623 *et seq*. and its interpreting case law.

69. Plaintiff engaged in legally protected speech when he filed a Charge of Discrimination at the U.S. EEOC on November 2, 2023 alleging, among other things, age discrimination.

70. Defendant subjected Plaintiff to retaliation in the terms and conditions of employment including, but not limited to terminating him very shortly after he filed an internal grievance of race discrimination with Human Resources and in his EEOC Charge.

71. Defendant lacks any legitimate justification for subjecting Plaintiff to retaliation complained of above, and/or any such purported justifications are mere pretext for retaliation.

14

72. Defendant's above-pled actions constitute retaliation in violation of 29 U.S.C § 623 *et seq*.

73. As a direct and proximate result of Defendant's violations of the ADEA, Plaintiff has suffered damages including loss of income and benefits.

74. As a result of the above-pled violations of Title VII, Plaintiff is entitled to recover his lost wages and economic benefits of his employment, liquidated damages, as well as front pay and other equitable relief, and all other legal and equitable relief provided for by the ADEA and all statutes providing for relief for violations of the ADEA.

## COUNT V
## RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

75. Plaintiff incorporates by reference paragraphs 1 through 22 of the Complaint as if fully restated herein.

76. As a South Asian-Indian man, Sarba Bijoy Ghosh was in a class of employees protected by 42 U.S.C. § 1981.

77. Plaintiff was a party to an employment agreement with Defendant in that he performed work for Defendant and Defendant compensated him for his work.

78. Defendant violated 42 U.S.C. § 1981 by taking adverse employment action against Plaintiff because of his race and national origin, including but not limited to: requiring him, the only South Asian GOM, to search for and apply for positions internally during the restructure while identifying and placing significantly

less qualified GOMs outside of Plaintiff's protected class in EDO positions internally as well as in other positions for which Plaintiff was qualified, and denying Plaintiff employment in other positions for which he was qualified and terminating Plaintiff's employment.

79. Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

80. The effect of the conduct was to deprive Plaintiff of equal employment opportunity, and otherwise adversely affect his status as an employee and/or the terms and conditions of his employment because of his race.

81. As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected his psychological and physical well-being, as well as causing lost compensation and benefits.

82. Pursuant to 42 U.S.C. § 1981, Plaintiff is entitled to damages, including but not limited to back pay and lost benefits, compensatory damages, punitive damages, reinstatement, equitable relief, attorneys' fees, costs of litigation, and all other relief recoverable under 42 U.S.C. § 1981.

## COUNT V
## **RETALIATION IN VIOLATION OF 42 U.S.C. § 1981**

83. Plaintiff incorporates by reference paragraphs 1 through 22 of the Complaint as if fully restated herein.

84. Plaintiff engaged in legally protected activity when he internally complained of racially disparate treatment to Defendant's Human Resources department on or about October 2, 2023 and when he filed an EEOC Charge.

85. Defendant retaliated against Plaintiff in violation of Title VII by taking adverse employment action against him because of his protected activity of complaining of race discrimination and retaliation, including but not limited to: terminating his employment mere days after he made a disparate treatment complaint to HR and after he filed an EEOC Charge.

86. Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's actions were undertaken in bad faith.

87. The effect of the conduct was to deprive Plaintiff of equal employment opportunity on the basis of race, and otherwise adversely affect his status as an employee and/or the terms and conditions of his employment because he engaged in legally protected activity complaining of conduct that violated 42 U.S.C. § 1981.

88. As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected his psychological and physical well-being, as well as causing lost compensation and benefits.

89. Pursuant to 42 U.S.C. § 1981, Plaintiff is entitled to damages, including but not limited to back pay and lost benefits, compensatory damages, punitive

damages, reinstatement, equitable relief, attorneys' fees, costs of litigation, and all other relief recoverable under 42 U.S.C. § 1981.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a TRIAL BY JURY and the following relief:

(a) A declaratory judgment that the Defendant has engaged in unlawful employment practices in violation of Title VII and 42 U.S.C. § 1981;

(c) An injunction prohibiting Defendant from engaging in unlawful employment practices in violation of Title VII and 42 U.S.C. § 1981;

(d) Full back pay from the date of Plaintiff's termination, taking into account all raises to which Plaintiff would have been entitled but for his unlawful termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(e) Reinstatement or in lieu thereof front pay to compensate Plaintiff for lost future wages, benefits, and pension;

(f) Compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

(g) That this Court award Plaintiff liquidated damages under the ADEA for Defendants' willful violation of the law in an amount to be determined by the trier of fact;

(h) Reasonable attorneys' fees and costs; and

(i) Any and other such further monetary, non-monetary, and equitable relief that this Court deems equitable and just.

Respectfully submitted this 11th day of July, 2024.

BUCKLEY BALA WILSON MEW LLP

/s/ Edward D. Buckley
Edward D. Buckley
Georgia Bar No. 092750
edbuckley@bbwmlaw.com
600 Peachtree Street NE
Suite 3900
Atlanta, Georgia 30308
Telephone: (404) 781-1100
Facsimile: (404) 781-1101